174 P.3d 103 (2007)
In the Matter of the Detention of James ALLEN.
No. 56883-3-I.
Court of Appeals of Washington, Division 1.
September 24, 2007.
Publication Ordered December 4, 2007.
Nielsen Broman Koch PLLC, Attorney at Law, Dana M. Lind, Seattle, WA, for Appellant.
Carol Jean Murray, King County Prosecutors Office, Seattle, WA, for Respondent.
ELLINGTON, BAKER, JJ., and SCHINDLER, A.C.J.
PER CURIAM.
¶ 1 The Sixth Amendment right to confrontation benefits criminal defendants. It does not apply in civil cases, including predator civil commitment trials. Nor does due process require that a sexually violent predator detainee be permitted to confront a live witness. Here, an adult testified at James Allen's civil commitment trial that a crying child she pulled from his arms said he touched her. Allen's claim that he had a right to cross-examine the child fails. We affirm.

*104 BACKGROUND

¶ 2 In 1998, James Allen was found guilty of first degree child molestation and received a 72 month sentence. As his sentence came to an end, the State filed a petition to involuntarily commit Allen as a sexually violent predator (SVP).
¶ 3 At a bench trial, the State presented evidence of other charges and convictions for sexually motivated crimes. At least five females detailed acts ranging from inappropriate touching to forced intercourse against them by Allen when they were children. An expert testified that Allen suffered from various mental disorders, including pedophilia, and was likely to reoffend. The State also offered the testimony of Alisha Hines, who had been a witness to incidents underlying charges brought against Allen in 1994 for second degree kidnapping and unlawful imprisonment. Hines testified at the criminal trial, where Allen was acquitted.
¶ 4 At the civil commitment hearing, Hines testified that in July 1994, she was visiting a friend who lived in an apartment complex. Five year old C.H. lived there also, and was missing the day Hines visited. Police and C.H.'s mother were looking for her. As Hines left the complex, she saw Allen carrying a little girl who was visibly upset. Hines realized it was C.H., approached Allen, and took the little girl away from him:
A. And I got the little girl, and I remember taking her back to the mother and the police officers, and I remember the little girl just crying and crying, she wanted her mommy, she wanted her mommy, and I told her that she was going to be okay and 
Q: Did you ask her whether he had hurt her or touched her in any way?
A: I did, said honey, are you okay, did he hurt you, did he touch you anywhere, and she said he touched her.
Report of Proceedings (Aug. 9, 2005) at 67-68.
¶ 5 Defense counsel objected to Hines' testimony on the basis of hearsay, but the court ruled C.H.'s statement admissible under the excited utterance exception. Hines concluded her testimony by explaining, "I didn't know what questions to ask, so I didn't go any further with it." Id. at 68.
¶ 6 Allen offered his own testimony contradicting the women's version of events, but the court did not find it credible. Based on the testimony of Hines, the various victims, the expert, and Allen, the court concluded the State proved the required elements beyond a reasonable doubt and ordered Allen's involuntary commitment. On appeal, Allen challenges admission of Hine's testimony.

ANALYSIS
¶ 7 Under Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Sixth Amendment confrontation clause prohibits admission of testimonial statements in criminal prosecutions unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. Allen contends Crawford protections should apply to civil commitment proceedings because a significant liberty interest is at stake. He contends Hines' testimony violated his Sixth Amendment right to confront the witnesses against him because he did not have the opportunity to cross-examine the little girl. But the right is available only to criminal defendants, not to individuals challenging a SVP civil commitment. In re Det. of Stout, 159 Wash.2d 357, 369, 150 P.3d 86 (2007). We are bound by that decision. Allen has no right under the Sixth Amendment to confront witnesses at an SVP civil commitment hearing.
¶ 8 Allen also contends that he has a due process right to confrontation. Again, Stout controls. There the court applied the balancing test of Mathews v. Eldrige, concluding that "an SVP detainee does not have a due process right to confront a live witness at a commitment trial." Id. at 374, 150 P.3d 86 (citing Mathews, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Allen does not have a due process right to confront the girl who told Hines he touched her.
¶ 9 Allen's arguments fail for a third reason as well. The little girl's statement was not testimonial. Crawford does not *105 provide a comprehensive definition, but the court articulated three core classes of testimonial statements: ex parte, in-court testimony or its functional equivalent; extrajudicial statements in formalized testimonial materials, such as affidavits, depositions, or prior testimony; and statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. State v. Shafer, 156 Wash.2d 381, 389 n. 6, 128 P.3d 87 (2006) (citing Crawford, 541 U.S. at 51-52, 124 S.Ct. 1354), cert denied, 127 S.Ct. 553, 166 L.Ed.2d 409 (2006). "[C]asual remarks made to family, friends, and nongovernment agents are generally not testimonial statements because they were not made in contemplation of bearing formal witness against the accused." Id. (citing Crawford, 541 U.S. at 51, 124 S.Ct. 1354).
¶ 10 In Shafer, we determined that a three-year-old's detailed description of how and when an acquaintance had "touched her privates" in response to her mother's questions were not testimonial. Id. at 384, 390, 128 P.3d 87. Consequently, the mother's retelling of the statements was admissible despite the fact that her daughter did not testify.[1] As in Shafer, C.H.'s statement, while not a casual remark or entirely spontaneous, was not the result of leading questions or a structured interrogation. No government officials were involved. C.H. was visibly upset when Hines saw her with Allen. Hines' question was not out of the ordinary, and C.H. did not respond contemplating that her statement would be used against Allen later. And C.H.'s statements were far less detailed and comprehensive than those of the victim in Shafer. C.H. simply said Allen had touched her. The victim in Shafer gestured and demonstrated to her mother how the perpetrator had touched her.
¶ 11 Affirmed.
NOTES
[1] The statements were admissible under RCW 9A.44.120. Under this statute, statements by children describing sexual abuse that would otherwise be inadmissible are admissible if certain criteria are met.